**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.   13-CR-00208-JHP** |
| | ) | |
| **MICHAEL LAWRENCE LEFALL,** | ) | |
| **a/k/a "Baby June",** | ) | |
| **a/k/a "June",** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
<u>MOTION FOR NEW TRIAL</u>**

The United States of America, by Danny C. Williams, Sr., United States Attorney
for the Northern District of Oklahoma and, Joel-lyn A. McCormick, Assistant United
States Attorney for the Northern District of Oklahoma, respectfully submits its response in
opposition to Defendant's Motion for New Trial (Doc. 142).   In support, the government
offers as follows:

**I.
STATEMENT OF FACTS**

On November 5, 2013, a federal grand jury returned an Indictment against
Lefall, Glore and Kite.   The grand jury charged Lefall with Count One: 21 U.S.C. § 846 -
Drug Conspiracy, Count Two: 21 U.S.C. §846 - Attempt to Possess Methamphetamine
With Intent to Distribute, and Count Three: 21 U.S.C. §841(a)(1) Possession of

Methamphetamine with Intent to Distribute.   On November 25, 2013, Magistrate Judge T. Lane Wilson appointed CJA panel attorney, Joseph Ruffin, to represent Lefall.

Prior to trial, Glore and Kite filed various motions.   On Lefall's behalf, Mr. Ruffin filed motions to join substantive motions filed by Glore and Kite.   Upon filing of defendants' pretrial motions, the Court referred pretrial motions to Magistrate Judge Frank McCarthy for hearing.

Magistrate Judge McCarthy scheduled the matter for hearing to be held on December 30, 2013.   Subsequently on the day of the evidentiary hearing, Glore and Kite announced pending agreements with the government which resulted in resolution of charges against each of them.   Accordingly, Glore and Kite withdrew their pretrial motions.   Likewise, Beverly Atteberry, appearing as substitute counsel for Attorney Joe Ruffin, withdrew motions filed on behalf of Lefall based on discussions she had with Mr. Ruffin.   *December 30, 2013, motion hearing before Magistrate Judge Frank McCarthy*, attached as Exhibit "A".   In discussion(s), Mr. Ruffin discussed with Ms. Atteberry the strategy as to how best to proceed at the pretrial hearing. *Id*.   Lefall was the sole defendant who proceeded to trial.

The government filed a trial brief in which it advised the Court and defense of its intent to offer statements made during the course of the conspiracy between Lefall, Glore and Kite.   The government provided notice of its intents to offer co-conspirators statements as follows:

2

- Glore's statements to the confidential informant that Lefall and Glore needed a place to send the packages because another girl had been receiving packages and she got arrested;

- Glore's statements to the confidential informant that Lefall and Glore were receiving the packages and they contained methamphetamine; and

- Glore's statements to Kite, after Kite's arrest, that Kite did everything she was supposed to do.

On January 21, 2014, the jury trial began for Lefall.   The Court allowed both counsel for the government and defense counsel to actively participate in voir dire.   After the prosecution delivered its opening statement, Mr. Ruffin gave an opening statement in which he stated the government's evidence would have inconsistencies.   *Defense's Opening Statement*, attached hereto as Exhibit "B".   Mr. Ruffin also explained to the jury that the defendant's case would primarily be made through the cross examination of the government's witnesses.   *Id.*

As the government called witnesses, Mr. Ruffin cross-examined each and every witness.   *Indices from jury trial transcripts reflecting outline of testimony*, attached hereto as Exhibit "C".   The government's trial witnesses included testimony from a confidential informant who the government anticipated would testify regarding co-conspirator statements.   Throughout the jury trial, Mr. Ruffin raised numerous objections including an objection to the government's 404(b) notice and co-conspirator statements.   *Defendant's oral objection to government's 404(b) notice,* attached hereto as Exhibit "D".   In response to the government's 404(b) notice, Mr. Ruffin strenuously objected. *Id.*   In his objection, Mr. Ruffin explained that the government gave notice of its intent to offer evidence of

other FedEx packages that co-defendant(s) had received on behalf of Lefall. *Id.*   Mr. Ruffin argued that the testimony should not be allowed because there was no way of knowing what was in the packages.   *Id.*

Additionally, upon the defense counsel's urging, the Court held a *James* hearing outside the presence of the jury.   *Defendant's oral objection to co-conspirator statements and request for hearing*, attached as Exhibit "E".   The Court held a hearing, during which, Mr. Ruffin thoroughly cross-examined the government's witnesses.   *Transcript of James Hearing held outside the presence of the jury*, attached as Exhibit "F".   The Court decided the government would not be allowed to illicit testimony regarding Glore's co-conspirators statements.   *Court's ruling on inadmissibility of co-conspirator statements,* attached as Exhibit "G".   Based on the Court's ruling, the government called the confidential informant as a trial witness for a much more limited purpose than was originally planned. The limitations on the confidential informant's testimony dramatically altered the prosecution's presentation.

On January 24, 2014, the jury returned a verdict of guilty as charged in the Indictment.   On July 13, 2014, Defendant filed a motion for new trial based on ineffective assistance of counsel.   Lefall sets forth a number of reasons why the Court should grant his motion for new trial including:

- Counsel failed to file a response to the government's 404(B) notice and declined a hearing on the issue;

- Counsel did not file a trial brief, proposed jury instructions or proposed voir dire;

- Counsel did not ask for a mistrial when a witness used the phrase "ex con" in reference to Lefall;

- Counsel failed to file substantive motions on behalf of Lefall;

- Counsel failed to consult for sufficient time with Lefall in preparation for trial;

- Counsel failed to follow Lefall's instructions regarding not using the "pimp defense" Counsel presented during his closing arguments;

- Counsel failed to timely investigate evidence that would refute the government's witness' claims regarding when Lefall came to Tulsa;

- Counsel failed to interview a potential witness, and did not call that witness at trial since he did not know what the witness would say;

- Counsel did not properly explain the offer made by the government to Lefall;

- Counsel did not mention or explain to Lefall the concept of relevant conduct;

- Counsel did not review all of the discovery with Lefall, which resulted in Lefall being blindsided at trial with things he had never seen before;

- It seemed obvious to Lefall at trial that Counsel had not reviewed all the discovery provided to him by the government; and

- Counsel seemed unprepared or confused at trial.

## II.
## ARGUMENT AND AUTHORITIES

**A.    Lefall's Motion for New Trial is Jurisdictionally Barred as Untimely**

Motions for new trial are governed by Rule 33 of the Federal Rule of Criminal

Procedure.    *United States v. Quintanilla*, 193 F. 3d 1139, 1146 (10th Cir. 1999).    Rule 33

states any motion for a new trial grounded upon newly discovered evidence must be filed

within 3 years after the verdict or finding of guilty.    Any motion for new trial grounded on

any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty, or within such further times as the court sets during the 14 day period.    Fed. R. Crim. P. 33(b).    The time limitations of Rule 33 are jurisdictional in nature, so a court is without power to consider an untimely motion for a new trial. *Quintanilla*, 193 F. 3d at 1148.    Information supporting an ineffective assistance claim is not "newly discovered evidence" under Rule 33 if the information was available to the defendant within the seven day window.    *United States v. Miller*, 869 F. 2d 1418 (10th Cir. 1989).[1]

In *Miller*, the defendant moved under Rule 33 for a new trial alleging that his trial counsel failed to prepare for trial.    *Id.* at 1421-22.    The motion was made twenty-two months after the defendant was convicted at trial.    *Id.* at 1419.    The trial court granted the motion for new trial stating that he had "some serious questions" about "whether there was adequate preparation for the trial by the defense attorney.    *Id.* at 1420.    On appeal, the United States argued that the trial court did not have jurisdiction to order a new trial under Rule 33.    *Id.*    The Tenth Circuit Court of Appeals agreed with the United States, concluding that the facts showing the adequacy of trial preparation should have been available to defendant at the time of trial.    The record showed that any evidence of alleged ineffectiveness was available to the defendant at the time of trial so the reviewing court

---

[1]  The *Miller* Court applied Rule 33 when the rule required filing of motions for new trial on grounds other than newly discovered evidence within seven (7) days of verdict or finding of guilty.    This time period was enlarged from seven (7) days to fourteen (14) days in 2009 Amendments.

found the motion defective.   The *Miller* court relied, not on the defendant's actual knowledge of the alleged facts supporting ineffective assistance, but on whether those facts were available to the defendant.

The Tenth Circuit has also held that if the facts were completely unavailable to a defendant within the shorter period of time, then the longer deadline under Rule 33 for "newly discovered evidence is applicable.   *See United States v. Johnson*, 12 F. 3d 1540 (10th Cir. 1933).   In *Johnson,* the defendant's trial counsel negligently allowed a portion of the defendant's confidential file to leak out to a potential government witness.   *Id*. at 1548-49.   The leak was not discovered until months after the trial.   *Id*.   The defendant then moved for a new trial due to ineffective assistance of counsel.   *Id*.   The trial court denied the motion as untimely.   *Id*.   The Tenth Circuit reversed stating that the defendant's attorney himself stated he did not realize that he was responsible for the leak of the confidential files until the week before the defendant's sentencing and the defendant obviously could not have known about the leak and his attorney's negligence any sooner than that.   *Id*.

In each of these cases, the determination of whether the facts supporting an ineffective assistance claim were "newly discovered" within the meaning of Rule 33 rested on whether the defendant could have known of the facts.   The Court never attempted to divine whether the defendant had actual knowledge but whether he should have known of the facts.

The instant case falls within the precedents of *Miller* where, even if the defendant was not actually aware of the facts which allegedly constitute ineffective assistance, those facts were available to him. Unlike the defendant in *Johnson*, given the nature of Lefall's claims, the information was obviously available to him since he was present throughout the pretrial proceedings and trial.

Under *Miller*, Lefall's claim as outlined above are not newly discovered within the meaning of Rule 33. Therefore, his motion for a new trial could have only been brought within seven days of the verdict. The verdict against Lefall was rendered on January 24, 2014. Obviously, Lefall did not file his motion within fourteen (14) days of that date. Accordingly, the Court should deny Lefall's motion on the ground that the motion was untimely and the Court lacks jurisdiction.

**B.      Lefall's Motion for New Trial Fails to Meet the Five (5) Part Test Required of Rule 33 Motions Based on Newly Discovered Evidence**

A motion for new trial is not regarded with favor and should be granted only with great caution. *United States v. Stevens*, 978 F. 2d 565 (10th Cir. 1992); *United States v. Sutton*, 767 F. 2d 726, 728 (10th Cir. 1985). To succeed on a Rule 33 motion based on newly discovered evidence, the defendant must show that: (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new

trial it would probably produce an acquittal. *Id.   See also United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).   A motion for new trial must be denied if all parts of the test are not satisfied.   *United States v. Jaramillo*, 42 F. 3d 920, 925 (5th Cir. 1995).

In *Stevens*, the defendant moved for a new trial, in part, because his appointed attorney had been disbarred seven (7) days before the defendant's trial.   *Stevens*, 978 F. 2d at 566.   The defendant was not aware of the disbarment until three (3) months after the trial.   *Id*.   The motion for new trial was filed soon thereafter.   *Id*.   The district court concluded that it did not have jurisdiction to rule on the new trial motion because it was filed more than seven days after the verdict.   *Id*.   The trial court denied relief.   *Id*.   The Court of Appeals found that the defendant failed to meet the requirement that the motion be filed within seven (7) days.   *Id*. at 569.   However, the Court went on to consider the motion stating, "even assuming that the evidence of his attorney's disbarment is the kind of newly discovered evidence that would trigger the Rule 33 extended time period, our review of the record and of the district court's precautionary determination of the merits of the motion convinces us that the defendant is not entitled to a new trial."   *Id*.   at 569-70.

The Court held that such a claim failed to meet the fourth requirement of a Rule 33 motion – that the new evidence is material to the principal issues involved.   *Id*. at 570. Thus, the trial attorney's bar status was not material to the principal issue.   *Id*.   Therefore, the Court held that he could not meet the requirements necessary to prevail on a motion for new trial on "newly discovered" evidence.   *Id*.

In this case, Lefall cannot meet the five (5) requirements necessary to prevail on a Rule 33 motion.   Lefall's claims, in large part, are in reference to what he purportedly observed during trial or his opinions of Mr. Ruffin's performance at trial.   Lefall's observations cannot be characterized as new evidence discovered after trial.   Additionally, Lefall cannot meet the second requirement of showing that the failure to learn of the evidence was not caused by his own lack of diligence.   Lefall also cannot show that his allegations concerning Mr. Ruffin's representation is material to the principal issues involved.

Furthermore, this case is like *Stevens,* where the court found that the defendant could not meet the requirement that the "newly discovered evidence would probably produce an acquittal."   *Id*; *See also Sinclair*, 109 F. 3d at 1531-32 (reaffirming the requirement that the "newly discovered evidence" would probably produce an acquittal as opposed to "possibility" standard).    Lefall has not asserted that the representation by another attorney would have probably led to an acquittal.   Despite Mr. Ruffin's extensive cross-examinations of each government witness over the approximately four (4) day trial, the evidence clearly established every element of the crimes charged against Lefall. Lefall's motion is general in nature and fails to explain how, if the alleged errors had been corrected, there would have probably been an acquittal.

Lefall's Motion for New Trial fails to meet the requirements necessary to prevail. He cannot show that there is new evidence material to the principal issues involved, nor are his claims of such a nature that in a new trial it would probably produce an acquittal.

10

*Stevens*, 978 F. 2d at 570.   Accordingly, the Court should deny Lefall's motion without further hearing.

### C.   Lefall did not Receive *Per Se* Ineffective Assistance of Counsel

To demonstrate that his counsel's assistance was so ineffective as to require reversal of his conviction, Lefall must satisfy both components of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   First, he must show that counsel's performance was deficient, which requires showing that "counsel's performance fell below an objective standard of reasonableness." *Id.* at 687-8.   Second, Lefall must show that counsel's deficient performance prejudiced the defense; *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694.

> In addressing an ineffectiveness claim, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct," and determine whether, in light of all the circumstances, the acts or omissions identified by the defendant were "outside the wide range of professionally competent assistance." *Id.* at 690. In doing so, the court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Other than the bare assertions contained in his motion, Lefall offers no factual support for his arguments about Mr. Ruffin's performance.   Conclusory allegations without supporting factual allegations are insufficient to state a claim on which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Moreover, Lefall's

allegations are insufficient to overcome the strong presumption that Mr. Ruffin rendered adequate assistance.   A review of the record supports this finding.

For example, Lefall complains that Mr. Ruffin did not file proposed voir dire, proposed jury instructions and a trial brief.   However, Lefall ignores the fact that Mr. Ruffin meaningfully participated in voir dire by actively questioning potential jurors. Likewise, Mr. Ruffin participated in the Court's instruction conference.   While Mr. Ruffin did not file a trial brief, Lefall has not shown how Mr. Ruffin's filing of a trial brief would have impacted the case.   As may be reflected in time records submitted by Mr. Ruffin for CJA vouchers generated for his representation of Lefall, Mr. Ruffin spent numerous hours with Lefall.

In his string of complaints, Lefall also claims Mr. Ruffin failed to adequately investigate.   However, Mr. Ruffin participated not only in multiple meetings with the prosecution during which he questioned the prosecution team about the government's discovery, he also inspected physical evidence seized through the investigation.   *See Mr. Ruffin's reference to his examination of the government's evidence in excerpt from trial transcript,* attached as Exhibit "H".

Additionally, Lefall complains that Mr. Ruffin withdrew pretrial motions filed on his behalf.   When considering a claim of ineffective assistance of counsel for failure to raise an issue, courts look to the merits of the omitted issue.   *Neil v. Gibson*, 278 F. 3d 1044, 1057 (10th Cir. 2001)(citing *Hooks v. Ward*, 184 F. 3d 1206, 1221 (10th Cir. 1999)).

Mr. Ruffin did, in fact, file motions to join substantive motions filed by co-defendants. However, given the nature of the evidence and how it was obtained, Lefall did not have standing to challenge the evidence of search warrants executed at codefendants' residences. Based on his experience, Mr. Ruffin apparently recognized argument for a motion to suppress was not supported by law. *See December 30, 2013 hearing transcript at 7-8*, Attachment "A". The failure of counsel to pursue motions does not, *ipso facto*, constitute ineffective assistance of counsel in violation of the Sixth Amendment right to counsel. Counsel routinely engage in a process of excluding weaker arguments and focusing on issues or strategies more likely to prevail. *United States v. Cook*, 45 F. 3d 388, 394 (10th Cir. 1995), (citing *Smith v. Murray*, 477 U.S. 527, 536 (1985). The weeding out of weak claims is the hallmark of effective advocacy. *Id.* (citing *Tapia v. Tansy*, 926 F. 2d 1554, 1564 (10th Cir.), *cert. denied,* 502 U.S. 835 (1991). Lefall would not be in a good position to understand whether he actually had standing to pursue various pretrial motions and whether the law would favor his challenge to the government's evidence. Lefall has not pointed to anything to suggest Mr. Ruffin made anything other than an informed strategic choice not to pursue certain motions or defenses. Furthermore, Lefall has not pointed to anything to support a finding that such choices were unreasonable under prevailing professional norms.

Lefall also complains that Mr. Ruffin did not file an objection to the government's 404(b) notice. While Mr. Ruffin did not file a written objection he did, in fact, object to the government's notice as is reflected in the record. Exhibit "D". In his objection, Mr. Ruffin argued that the 404(b) evidence in reference to other packages that had

previously been accepted by co-conspirators was prejudicial and provided no proof that Mr. Lefall was tied to the delivery of the package.    *Id.* at p. 9, line 3.

During the course of the trial, Mr. Ruffin raised numerous other objections including an objection to co-conspirator statements.  Exhibit "E".   This objection actually resulted in the Court holding a full *James* hearing, during which, Mr. Ruffin thoroughly cross-examined the government's witness.  Exhibit "F".  Ultimately, the defense prevailed as the Court excluded the co-conspirator statements the government intended to offer in its case-in-chief.   Exhibit "G".   The Court's favorable ruling for the defense had an adverse impact on the government's order of proof and quantum of evidence.

Lefall also argues that Mr. Ruffin's performance was deficient because he did not move for a mistrial after a witness made reference to Lefall as an ex-con.   The record reflects that Mr. Ruffin participated in a bench conference regarding the testimony. *Bench conference and Court's admonishment to jury regarding reference to "ex-con"*, Exhibit "I".   The record reflects Mr. Ruffin weighed heavily how best to address the issue. Id.    The discussion was primarily focused on how, if possible, the Court could find an artful way to instruct or admonish the jury to disregard the testimony without bringing unnecessary attention to it.    *Id.*

As is reflected by the multiple examples referenced above, Mr. Ruffin pursued a trial strategy which included vigorous cross-examination of the government's witnesses and raising objections, when he thought it was necessary.   Based on the substantive

nature of Mr. Ruffin's objections, he exhibited familiarity with the evidence.   Lefall has not met his heavy burden of overcoming the strong presumption that counsel's performance was not ineffective and fell within the wide range of reasonable professional assistance.   Mr. Ruffin's informed decision was based on his accurate understanding of the law in reference to these very specific principles of law and the facts of this case.

Because the evidence strongly supports the conclusion that Mr. Ruffin did not render constitutionally deficient performance, the Court need not address the prejudice prong of the *Strickland* analysis. *Hale v. Gibson*, 227 F.3d 1298, 1314 (10th Cir. 2000) (courts may address performance and prejudice prongs in any order, and need not address both if a defendant fails to make a sufficient showing of one).   However, even if the Court considers the prejudice prong, Lefall cannot show that counsel's deficient performance prejudiced the defense; *i.e.,* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The government's evidence strongly supported the jury's finding of guilty.   Based on the established record, Lefall cannot show that the outcome of the jury trial would have been different had he been represented by another attorney or had Mr. Ruffin taken a different trial strategy.

**III.**
**CONCLUSION**

Lefall's motion for new trial is government by Rule 33 which sets out specific time requirements for the filing of motions for new trial.   Based on the allegations Lefall raised in support of his motion, the motion should have been filed within fourteen (14) days of the verdict.   Lefall's motion for new trial is jurisdictionally barred as untimely.

Additionally, Lefall's motion for new trial fails to meet the five (5) part test required of Rule 33 motions based on newly discovered evidence.   Furthermore, based on the record and controlling case law, Lefall did not receive *per se* ineffective assistance of counsel.   For these reasons, the Court should deny the motion.

Respectfully submitted,

DANNY C. WILLIAMS, SR.
United States Attorney

By   */s/ Joel-lyn McCormick*
JOEL-LYN McCORMICK, OBA#18240
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK   74119-1029
(918)382-2700

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of July, 2014 , I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

James Fatigante
Attorney for Defendant Lefall

*/s/ Joel-lyn McCormick*
Assistant United States Attorney

17

ATTACHMENTS:

Exhibit A – December 30, 2013

Exhibit B – Defendant's Opening Statement

Exhibit C – Indices of Trial Transcript and Witness Testimony

Exhibit D – Defendant's Objection to 404(B) Evidence

Exhibit E – Defendant's Objection to Co-conspirator Statement

Exhibit F – James Hearing

Exhibit G – Court's Ruling to Exclude Co-conspirator statements

Exhibit H – Defense Counsel's Reference to Evidence Inspection

Exhibit I – Discussion and Court's admonition concerning references to "ex-con"